# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI WHYTE,<br><br>    Petitioner,<br><br>v.<br><br>RONALD BARNES, Interim Warden,<br><br>    Respondent. | Case No. CV 12-8583 JST (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief amplification here.

Petitioner contends that he is entitled to equitable tolling because his appellate counsel never informed him that the California Supreme Court denied his petition for direct review on March 22, 2006. (Obj. at 5.) Petitioner also alleges that counsel withheld "client work-product file[s]" from him until March or April of 2007, when the State Bar of California ordered counsel to return the files to Petitioner. (*Id*.) Petitioner admits that he thereafter waited five years to inquire into the status of his

petition for direct review with the California Supreme Court. (*Id*. at 6-7.)

Initially, the Court notes that an attorney's "negligence in general do[es] not constitute [an] extraordinary circumstance[] sufficient to warrant equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Instead, an attorney's conduct must have been sufficiently "wrongful" or "egregious" in order to justify equitable tolling. *See Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005).

Even assuming that counsel's conduct was sufficiently egregious, Petitioner has failed to demonstrate that he exercised diligence in pursuing habeas relief, or that his failure to file a timely federal petition was attributable to his counsel's conduct, and not his own. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *see also Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) ("The prisoner must show that the extraordinary circumstances were the *cause* of his untimeliness.") (emphasis added) (citations omitted).

Here, although Petitioner learned of his counsel's allegedly wrongful conduct by March 2007, he waited until September 30, 2012, *over five years*, to file his first habeas petition in this Court.[1] (Obj. at 5; R&R at 1, 4.) Petitioner did not file any other habeas petition in any other court during that time, nor did he inquire into the status of his case with the California Supreme Court until September 3, 2012. In light of these self-inflicted and unreasonable delays, the Court cannot find that Petitioner exercised the requisite diligence, or that "extraordinary circumstances beyond [Petitioner's] control ma[de] it *impossible* to file [the] [P]etition on time." *See Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (emphasis added) (citation omitted).

///

Accordingly, IT IS ORDERED THAT:

---

[1] AEDPA's one-year limitation period expired on June 20, 2007. (R&R at 1, 4.)

1.     1.     The Report and Recommendation is approved and accepted;

2.     2.     Judgment be entered denying the Petition and dismissing this action with prejudice; and

3.     3.     The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The Court thus declines to issue a certificate of appealability.

DATED: April 1, 2013

_____
HON. JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE